UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No: 14-10 |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| JOHN G. WESTINE, JR., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John Westine is charged with mail fraud, money laundering, and securities fraud for his role in allegedly duping investors into purchasing interests in non-profitable oil wells. Westine's *pro se* status has not inhibited his ability to file motions.[1] This matter is presently before the Court on Westine's motions to reconsider various rulings made by the magistrate judge [R. 76; R. 77; R. 80; R. 99; R. 100] and also his many motions to dismiss [R. 30; R. 88; R. 89; R. 90]. The Court has carefully considered the record and concluded that Westine's motions will be DENIED.

**I**

Federal Rule of Criminal Procedure 59 provides that "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59. In the Eastern District of Kentucky, a standing pretrial and trial management order refers all non-dispositive motions except motions *in limine*

---

[1] Westine, as a *pro se* defendant, is not required to "meet the same standards in the presentation of his argument" as is a trained attorney. *United States v. McKinney*, 375 F. App'x 479, 481 (6th Cir. 2010) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers") (additional citations omitted)). The Court has considered this lesser standard when resolving Westine's pending motions.

and motions to alter the trial date to the magistrate judge. [*See* R. 28-1 at 9.] A party must file any objections they have to a ruling of the magistrate judge within 14 days or else waive their right to review. Fed. R. Crim. P. 59. The district judge must then consider any timely objections, modifying or setting aside any order that is "contrary to law or clearly erroneous." *Id.* Westine has filed a number of motions to reconsider the magistrate judge's rulings, which this Court construes as objections and now considers. [R. 76; R. 77; R. 80; R. 99; R. 100.]

## II

### A

#### 1

Westine first requested a bill of particulars because "[t]he criminal indictment[] fail[ed] to put [him] on actual notice to prepare a proper trial defense." [R. 31 at 1.] According to him, "[t]he indictment[] do[es] not specify facts or acts that [he] had actual knowledge or intentionally misled clients who purchased oil leases owned by them" and that he "never left the State of California nor had any business, banking or otherwise in Kentucky[.]" [*Id.*] The Magistrate Judge denied Westine's first motion for a bill of particulars without prejudice as he was represented at the time and not permitted to make the motion himself. [R. 32.] Westine ultimately exercised his right to proceed *pro se* and renewed his request for a bill of particulars. [R. 38.] The Government opposed the motion, arguing that the indictment sufficiently set out the facts, evidence and theory of prosecution. [R. 42.] Further, they explained that affidavits, and voluminous discovery were forthcoming that would render a bill of particulars unnecessary. [*Id.*] Westine

objected to the Government's response, restating his contention that he was not properly on notice to defend against the charges laid out in the indictment. [R. 56.]

On October 14, the Magistrate Judge thoughtfully considered and denied Westine's request for a bill of particulars. [R. 59.] Westine timely petitioned this Court for "an expedited appeal of the Magistrate's order denying Westine a 'Bill of Particulars,' to properly defend and prepare for trial."[2] [R. 76.]

"The purpose of a bill of particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." *United States v. Page*, 575 F. App'x 641, 643 (6th Cir. 2014) (citing *United States v. Salisbury,* 983 F.2d 1369, 1375 (6th Cir. 1993)). Westine's claim that he was not put on notice of the charges against him is meritless. The indictment and superseding indictment both thoroughly lay out the many charges levied against Westine. [*See* R. 1; R. 51.] Westine's contention that the indictment fails to "specify facts or acts" that show he had "actual knowledge or intentionally misled clients" also does not require the Government to file a bill of particulars. A bill of particulars is not "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375 (citations omitted). Rather, "[a] bill of particulars is meant to be used as a tool to minimize surprise and assist defendant[s] in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Id*. Of course, Westine may fairly challenge the Government's proof, but this contest will

---

[2] Docket entry 43 is Westine's motion requesting that the Government disclose its witnesses and supply him with a bill of particulars. [R. 43.] Interestingly, Westine must have anticipated the Magistrate Judge's denial of this motion because Westine's motion to reconsider the Magistrate Judge's decision [R. 76] was signed on October 21, 2014, a week before Magistrate Judge Wier denied Westine's motion on October 28 [R. 78].

happen at trial. The Court has reviewed the charging documents and they are thorough, explaining in sufficient detail the scheme that Westine is charged with perpetrating.

Finally, Westine appears to challenge the Court's jurisdiction by asserting that he never left California or had any business in Kentucky. [R. 31 at 1.] The superseding indictment is replete with references to Westine's contacts with Kentucky. The Magistrate Judge's ruling is affirmed and Westine's motion to reconsider [R. 59] is denied.

## 2

Westine has directed much of his time pre-trial to attacking previous judgments. In two separate motions now before the Court, Westine asks this Court to reconsider the Magistrate Judge's refusal to void a past judgment. [R. 77; R. 100.]

Westine's first motion, which he dubs a "Combined 'Notice of Appeal,'" challenges the magistrate judges' denial of his motions at docket entries 44 and 48. [R. 77.] At docket entry 44, Westine asked the Court to take judicial notice that his 1992 money laundering conviction from the Southern District of Ohio is void. [R. 44.] At docket entry 48, Westine requested a hearing on "whether or not [he] is legally on Federal Parole as alleged in Count 1" of the indictment. [R. 48 at 1.] His argument supporting this request hinges on his contention that an Amended Judgment from a 1990 California criminal case is void. [*Id*.] The Magistrate Judge has denied Westine's Motion to Attack a Void Judgment [R. 59, denying R. 39], and also declined to take judicial notice that the conviction is void [R. 78 at 2-3, denying Westine's motion at R. 44]. Most recently, Westine requested that the Government stipulate that this prior conviction is void [R. 98] although they declined to do so [R. 114; R. 118]. The

Magistrate Judge also denied Westine's request for an evidentiary hearing "on the issue of whether or not [he] is legally on federal parole" and hence, was properly denied bail. [R. 78 at 4-5, denying R. 48]. Westine's second motion for reconsideration also challenges the Magistrate's refusal to have his 1991 judgment voided although it is unclear from the filing which one of the Magistrate Judge's many orders that Westine seeks to have reconsidered. [*See* R. 100 (referring to R. 44 and R. 72).]

As explained by Magistrate Judge Wier on multiple occasions, and by this Court at the first pre-trial conference, this Court has no jurisdiction to upset or review a past judgment issued by another District Court. As Westine is undoubtedly aware, the Sixth Circuit has explicitly prohibited him from filing any further documents challenging his 1992 convictions.[3] This Court has rejected an identical argument regarding the 1992 conviction made by Westine in a wholly separate case, *Westine v. USA*, 14-cv-61-GFVT. Ultimately, it does not matter how many different ways that Westine tries to repackage his claims surrounding his 1992 conviction because this Court is without jurisdiction to upset that former judgment. The Court will deny the current motions for reconsideration [R. 77; R. 100] and all further requests from Westine seeking relief from the 1992 conviction and he should be advised that the Court is equipped with sanctions should be decide not to abide by this Order.

---

[3] On September 17, 2002, the Sixth Circuit considered a request made by Westine to file a successive motion to vacate his 1992 conviction under 28 U.S.C. § 2255. *In re John G. Westine, Jr.*, No. 02-3717 (6th Cir. Sept. 17, 2002) (referring to and filed in *United States v. Westine*, CR-1-91-127-01 (S.D. Ohio 1991)) (attached hereto as Exhibit). The Court noted that between 1999 and the date of that Order, Westine had made twenty-four attempts to have his conviction vacated. *Id.* The Court then Ordered, "Westine is prohibited from filing ANY document with this court or the district court challenging his 1992 convictions. The clerk of this court and the clerk of the district court are ORDERED not to accept for filing ANY document or action relating to Westine's 1992 convictions and sentence." *Id.*

**3**

Westine appeals the Magistrate's order "denying [him] access to current case law via Westlaw." [R. 80.] As a preliminary matter, the magistrate judge has not ordered Westine be denied access to Westlaw. Rather, Westine is referring to an ongoing issue relating to his access to legal materials.

On September 30, during Westine's *Faretta* hearing, the Magistrate Judge warned Westine "about the disadvantages of representing himself." [R. 40.] Again, on October 20, the Magistrate Judge had a lengthy discussion with Westine about his access to legal materials. [R. 67.] Westine was advised that his standby counsel would be able to assist him in securing cases and other necessary materials but that one of the down sides of self-representation "is sharply curtailed access to a law library and research materials." [*Id.*]

The Sixth Circuit has explained that "by knowingly and intelligently waiving his right to counsel, [an] appellant also relinquished his access to a law library." *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990). In this case, Westine has been provided standby counsel to provide him with materials he needs to prepare his own defense. Magistrate Judge Wier thoroughly reviewed the case law on the subject and determined that Westine's request merited no relief. [*See* R. 67.] As the Magistrate Judge's order is neither contrary to the law or erroneous, Westine's motion will be denied.

**4**

On October 10, Westine asked for an evidentiary hearing on the United States' "Possible/Actual 'Obstructing of Justice.'" [R. 63 (emphasis in original).] He alleges that the Government has obstructed justice by threatening and influencing witnesses, denying him full and complete discovery, and by preventing witnesses' attendance

(although it is unclear where they were prevented from attending). [*Id.*] The Government dismisses the request as a "fishing expedition," noting that Westine fails to "name the offending agents, the witnesses affected, nor does he provide any affidavits or details." [R. 65.] The Magistrate Judge agreed with the Government and denied his request for an evidentiary hearing, finding that "[d]espite the gravity of his allegations, Westine ha[d] plead no specific facts—only conclusory statements—that the United States and its agents ha[d] engaged in improper conduct." [R. 78 at 5-6.] Westine now asks this Court to review his decision. [R. 99.]

Westine's motion for reconsideration is sparse on detail, only restating his claim that "witnesses interviewed by various Government agents were threatened to gather false evidence" and that "these witnesses are fearful of the Government's threats." [R. 99.] Again, he does not identify what witnesses were threatened, what the threats were or who made those threats. [*Id.*] As both the Government and the Magistrate Judge articulated, "[a] district court is not obliged to schedule an evidentiary hearing on the basis of conclusory allegations, vague insinuations, unsupportable inferences, rank speculation, opprobrious epithets, or any combination of the foregoing." *United States v. Panitz*, 907 F.2d 1267, 1274 (1st Cir. 1990). Westine's allegations are serious and, should he have any details surrounding these threats, he is encouraged to make the Court aware of that information. On the record before it, however, the Magistrate Judge was correct. Therefore, Westine's motion will be denied.

**B**

Westine has filed four separate motions seeking to dismiss differing portions of the Indictment. [R. 30; R. 88; R. 89; R. 90.] As these motions are potentially dispositive,

7

the Court did not refer them to the magistrate judge and now considers them for the first time.

**1**

Westine moves to dismiss the indictment because, he alleges, the United States (1) admitted an unauthorized person into the grand jury room during the grand jury's deliberations and (2) failed to present exculpatory evidence to the grand jury. [R. 30.] The United States has responded. [R. 42.] Having now reviewed the motions of the parties, the Court shall deny Westine's motion to dismiss the indictment.

Federal Rule of Criminal Procedure 6(a)(2), provides that, "[a] party may move to dismiss the indictment based on an objection to the grand jury or on an individual juror's lack of legal qualification." Fed. R. Crim. P. 6. Rule 6 further provides that, while the grand jury is in session, only "attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device" may be present. Fed. R. Crim. P. 6(d).

Westine alleges that an Assistant United States Attorney present while the case was being presented to the Grand Jury was not properly employed by the U.S. Attorney's Office and sworn into office as required by 28 U.S.C. § 544 and, hence, was an unauthorized person in the grand jury room. [R. 30 at 2.] The Government, while not conceding Westine's suggestion that the Attorney was not sworn into office, argues that dismissal is not warranted because Westine has failed to show that the suggested error substantially influenced the grand jury's decision to indict. [R. 42 at 2.]

"[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova*

*Scotia v. United States*, 487 U.S. 250, 254 (1988). The Supreme Court applied this principle to Rule 6 in *United States v. Mechanik*, 475 U.S. 66, 71 (1986), where it considered allegations that unauthorized persons had been present in a grand jury proceeding. While the Court "express[ed] no opinion as to what remedy may be appropriate for a violation of Rule 6(d) that has affected the grand jury's charging decision," it did hold that a violation of Rule 6(d) does not require "automatic reversal of a subsequent conviction" absent a showing of prejudice. *Id.* Westine's case is distinct from *Mechanik* because Westine's allegations come pre-trial, but *Mechanik* still demonstrates that errors in grand jury proceedings related to unauthorized persons do not require that indictments be dismissed absent a showing of prejudice. Here, Westine has produced no evidence, nor even argued, that the alleged violation affected the grand jury's charging decision or resulted in prejudice to him.

Westine also argues that the grand jury was denied exculpatory evidence in violation of the principles espoused in *Brady v. Maryland*, 373 U.S. 83 (1963). This argument fails because "[t]he government [] has no judicially enforceable duty to provide a grand jury with exculpatory evidence." *United States v. Angel*, 355 F.3d 462, 475 (6th Cir. 2004) (citing *United States v. Williams*, 504 U.S. 36, 47 (1992)).

**2**

Westine moves to dismiss counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 15, 16, 17, 21, 22, 24, 25, 26, and 27, alleging that they fail to "state or charge an offense under 18 U.S.C. § 1341." [R. 88.] In explanation, he states that "[a]ll these mailings were to comply to Kentucky state law & its regulations of oil & gas lease operators by the operator JMACK/Mark Cornell." [*Id.*] As the Government notes in its response, the mail fraud

counts that Westine seeks dismissed refer to the mailing of regulatory and permitting documents between Kentucky oil and gas regulators and JMACK Energy or Mark Cornell. [R. 95 at 2; R. 51-1 at 8-11.] The Government, as does this Court, understands Westine's objection to be that "such mailings, required by law for oil and gas drilling and production, are not 'in furtherance' of the fraud scheme, and thus cannot form the basis of a mail fraud charge." [R. 95 at 2.]

This question was addressed by the Supreme Court in *Schmuck v. United States*, 489 U.S. 705 (1989). Schmuck, who was convicted of mail fraud, would purchase used cars, roll back the odometers, and then sell the cars to dealers who would then resell the cars to consumers. *Id*. The mailings that supported the mail fraud charge were sent when the dealer, who purchased the car from Schmuck, would send a title-application to the Department of Transportation on behalf of the purchaser. *Id.* As Westine argues here, Schmuck argued that these mailings did not satisfy the mailing element because they were not "in furtherance of the fraudulent scheme." *Id.* The Supreme Court disagreed, explaining that for a mailing to "be part of the execution of the fraud," it need not be an essential element of the scheme. *Id*. at 710 (citing *Pereira v. United States,* 347 U.S. 1, 8 (1954)). Rather, "[i]t is sufficient for the mailing to be incident to an essential part of the scheme, or a step in [the] plot." *Id.* (second alteration in original) (internal quotation marks omitted). In the case of Schmuck, the fraudulent scheme could not have succeeded without the title-applications because dealers could not have resold the cars without the titles. *Id*. at 712.

In *United States v. Smith*, 749 F.3d 465, 479 (6th Cir.) cert. denied, 135 S. Ct. 307 (2014), an oil fraud case, the Sixth Circuit considered a similar question of whether

10

mailings to and from investors and also from the Kentucky Department of Natural Resources were sufficient to constitute mailings for purposes of a mail fraud prosecution. Relying on *Schmuck,* the Sixth Circuit held that the Defendants' mailings to obtain permits could be found to be part of the fraud. *Id*. at 480.

If Westine believes that the mailings between JMACK and the Kentucky regulators were not "incident to an essential part of the scheme, or a step in [the] plot," then he is mistaken. *Schmuck*, 489 U.S. at 710. As it is alleged, those applications and documents were critical in furthering the fraudulent scheme because they enabled the defendants to acquire the required permits which then made the fraud appear to be legitimate. As in *Schmuck*, the fraudulent scheme could not have succeeded without the applications because permits were needed to legitimize the scheme and, ultimately, sell the product. *See also United States v. McKinney*, 875 F.2d 868 (6th Cir. 1989) (Mailings necessary for mail fraud were title applications sent from a Tennessee county clerk's office to the Tennessee Department of Revenue.)

Finally, to the extent that Westine argues that he is shielded from these charges because the aforementioned permits are required by law, he is further mistaken. It is well established that such " 'innocent' mailings-ones that contain no false information-may supply the mailing element." *Schmuck*, 489 U.S. at 715 (quoting *Parr v. United States*, 363 U.S. 370, 390 (1960)). For all the aforementioned reasons, Westine's motion will be denied.

**3**

Westine moves to dismiss the forfeiture allegations as duplicitous and void for vagueness. [R. 89.] The Government provides a terse response, noting that Westine's motion is "nonsensical and frivolous." [R. 95 at 3.]

The forfeiture allegation is not a substantive charge in the indictment but, rather "notice to the defendant that the government will seek the forfeiture of property as part of any sentence…" Fed. R. Crim. P. 32.2. The Court has reviewed the Forfeiture Allegations and sees nothing improper about the way they are presented. [*See* R. 51-1 at 13-16.] Westine's motion will be denied. [R. 89.]

**4**

Finally, Westine moves to dismiss Count 31 "per the grand jury testimony of Marli Gibson." [R. 90.] According to Westine, Gibson testified that "[t]o be a security under the law: Party "A" gives Party "B" money to make a profit for them." [R. 90.] As the Government frames it, Westine's challenge is to "whether the investment contracts at issue in this case constitute 'securities.'" [R. 95 at 3.] In support of his position, Westine provides the Court with, what appears to be, evidence that he anticipates will be presented at trial: "Royal Leasing LLC is solely responsible for filing the leases & division orders. Nothing more!" and "Royal Leasing LLC is not responsible for making me a profit or money etc. this rests with JMack Energy Etc." [R. 90 at 1 (with minor grammatical alterations).]

Motions to dismiss are not intended to weigh the sufficiency of the evidence, as Westine attempts to do, but to test the sufficiency of the indictment. *See United States v. Eichman*, 756 F. Supp. 143, 146 (S.D.N.Y. 1991) (citing *Costello v. United States,* 350

U.S. 359, 363–64 (1956)) ("So long as the indictment properly pleads an offense, it is not subject to challenge on the ground of lack of evidence."); *United States v. Perez*, 575 F.3d 164, 166-67 (2d Cir. 2009) (quoting *United States v. Alfonso,* 143 F.3d 772, 776–77 (2d Cir. 1998)) ("'Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial ... the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment.'")); *United States v. Huet*, 665 F.3d 588, 595 (3d Cir.) cert. denied, 133 S. Ct. 422 (2012) (Motion to dismiss not appropriate venue for considering sufficiency of evidence.); *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (same).

The appropriate venue for Westine to advance these arguments is not in a motion to dismiss but at trial. Consequently, the motion to dismiss will be denied.

### III

Accordingly, it is hereby **ORDERED** as follows:

1. Westine's motion to reconsider the Magistrate Judge's ruling as it pertains to a Bill of Particulars [R. 76] is **DENIED**;

2. Westine's motions to reconsider the Magistrate Judge's rulings regarding his 1992 conviction in the Southern District of Ohio and his denial of bail [R. 77; R. 100] are **DENIED**;

3. Westine's motion to reconsider the Magistrate Judge's ruling regarding his access to Westlaw [R. 80] is **DENIED**;

4. Westine's motion to reconsider the Magistrate Judge's ruling denying him an evidentiary hearing [R. 99] is **DENIED**;

5. Westine's motion to dismiss the indictment [R. 30] is **DENIED**;

6. Westine's motion to dismiss counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 15, 16, 17, 21, 22, 24, 25, 26, and 27 [R. 88] is **DENIED**;

7. Westine motion to dismiss the forfeiture allegations [R. 89] is **DENIED**;

8. Westine's motion to dismiss Count 31 for reasons related to the sufficiency of the evidence [R. 90] is **DENIED**; and,

9. The Clerk of Court is **ORDERED** to file the attached copy of the Sixth Circuit's Order, *In re John G. Westine, Jr.*, No. 02-3717 (6th Cir. Sept. 17, 2002), as an exhibit to this Order.

This the 10th day of December, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge