UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 14-10-GFVT

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.         **RESPONSE OF UNITED STATES TO
           DEFENDANT'S MOTION FOR A COMPASSIONATE RELEASE**

JOHN G. WESTINE                                                              DEFENDANT

\* \* \* \* \*

John G. Westine is serving a 480 months sentence for committing mail fraud and conspiracy to commit money laundering. He was sentenced on February 24, 2016. [DE 522: Judgment] He is incarcerated at the Federal Correctional Institution (FCI) in Butner, North Carolina. He has been incarcerated continuously since his arrest in the Southern District of California on August 25, 2014. [DE 18: Rule 40 Documents] To date, he has served approximately 65 months imprisonment. The Warden of FCI Butner denied Westine's request for compassionate release[1] on May 10, 2019, because Westine had detainers filed against him by the United States District Court for the Central District of California and the United States District Court for the Southern District of Ohio. Westine's request for compassionate release was based on his claim of terminal illness

---

[1] The terms "compassionate release" and "reduction in sentence" are used interchangeably by the Federal Bureau of Prisons in its program statements and is similarly used in this document.

1

with only three months to live.  *See* Exhibit 1, Memorandum of E. A. Earwin, Acting Warden FMC Butner, dated May 10, 2019; [Presentence Report ¶¶ 77-79 & 82]

Westine now files with the Court a motion for Compassionate Release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  Westine claims he should be released because (1) he is terminally ill with Aplastic Anemia with a life expectancy of three months or less, and (2) there is no treatment available for his Aplastic Anemia while incarcerated within the Bureau of Prisons.  [DE 607:  Motion at Page ID ## 8495-96]

A motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) can be based either on "extraordinary and compelling reason" or if a defendant is 70 years old and served at least 30 years in prison.  *Id.* at § 3582(c)(1)(A)(i) and (ii).  In both instances, any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

Westine is 73 years old, but he has not served at least 30 years in prison.  In fact, he has only served 65 months of his 480 months sentence.  Accordingly, he can only qualify for compassionate release if he can show his sentence should be reduced for "extraordinary and compelling reason[s]."  As set forth below, he cannot.

As noted above, any reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and (ii) must be "consistent with applicable policy statements issued by the Sentencing Commission …" 18 U.S.C. § 3582(c)(1)(A).  The applicable policy statement issued by the Sentencing Commission is found at United States Sentencing

Guidelines § 1B1.13.

The Application Notes for that section set out limited circumstances in which "Extraordinary and Compelling Reasons" exist, and they include the following:

> **Medical Condition of the Defendant**: The defendant is suffering from (a) terminal illness or (b) a serious physical or medical condition, a serious function or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."
> **Age of the Defendant**: The defendant is at least 65 years of age, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> **Family Circumstances**: The death or incapacitation of the caregiver of the defendant's minor child or minor children, or the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> **Other Reasons**: Other reasons as determined by the Director of the Bureau of Prisons.

*See* USSG §1B1.13, comment. (n.1).

As for the "**Other Reasons**" category, the Director of BOP has set those "other reasons" out in Program Statement number 5050.50, Section 4.b. **Elderly Inmates with Medical Conditions.** *See* U.S. Department of Justice, Federal Bureau of Prisons, Program Statement Number 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (January 17, 2019). This Section provides that a defendant must first satisfy five criteria to fit into this category and, should the defendant do so, there are three additional criteria that a court

3

should consider before granting release. The initial five criteria a defendant must meet are: (1) be age 65 or older; (2) suffer from a chronic or serious medical conditions related to the aging process; (3) be experiencing deteriorating mental or physical health that substantially diminishes his ability to function in a correctional facility; (4) conventional treatment promises no substantial improvement to their mental or physical condition; and (5) has served at least 50% of his sentence. If a defendant meets all five criteria, then the Court should consider the following criteria before deciding to reduce a defendant's sentence. (1) the age at which the defendant committed the offense for which he is incarcerated; (2) whether the defendant suffered from these medical conditions at the time he committed the offense for which he is incarcerated; and (3) whether the defendant suffered from these medical conditions at the time of sentencing and whether the Pre-Sentence Investigation Report mentioned these medical conditions.

Westine does not satisfy any of the categories set out above for a reduction of sentence. **Medical Condition of the Defendant**: While Westine does suffer from Aplastic Anemia, this medical condition does not "substantially diminish" his ability to provide self-care within the correctional environment. It appears that Westine's medical condition will likely cause his death, however, it is not known when. In his May 2019 request to the Warden for Compassionate Release, Westine claimed, and apparently his medical team assessed, he had less than three months to live. To date, Westine has lived at least four months beyond that projection and, more importantly, during that time, he

has, without assistance, been able to attend to his daily living activities and frequently moves about his unit without complaints of pain. Westine is also responding favorably to treatment for his Aplastic Anemia. *See* Exhibit 2, *Reduction in Sentence/Compassionate Release* at p. 2 **Medical Summary Narrative** ("he has remained relatively stable, capable of performing all ADLs…"), and pp. 3-4 **Physical Self-Maintenance Scale** (highest score of 6) and **Instrumental Activities of Daily Living** (highest score of 9); Exhibit 3, *Bureau of Prison Health Services, Clinical Encounter*, at pp. 1, 4, 8 ("Patient frequently seen ambulating independently on 5th floor without assistive device and nursing reports no functional changes. Patient is fully independent and safe with ADLs [Activities of Daily Living] and does not require rehab services."), 10 & 13; Exhibit 4, *Memorandum from Dr. Andrew Stock, FMC Butner, Regarding Inmate John Westine* (January 10, 2020).

**Age of the Defendant**: Westine is at least 65 years of age and experiencing "serious deterioration in physical and mental health," but he has not served 75% of his sentence (*e.g.* 360 months) or ten years. Rather, he has only served 65 months of his sentence. **Family Circumstances:** Westine does not request reduction of sentence based on this category. **Other Reasons -- Elderly Inmates with Medical Conditions:** Westine is older than 65 years of age and while he suffers from a serious medical condition which will not likely improve, his medical condition does not diminish his ability to function in a correctional facility, and he has not serve at least 50 % of his

5

sentence (*e.g.* 240 months). Because Westine does not meet all five of the initial criteria, the Court need not consider the additional three criteria noted above for this category.

Westine is a life-long criminal, who has defrauded hundreds of people of millions of dollars. In fact, he committed his instant offense while on supervised release from other federal sentences. To release Westine after serving only 65 months of his 480 months sentence based on a medical condition for which he is still able to attend to his daily living activities while in prison, would be contrary to the purposes of sentencing, including just punish, respect for the law, and specific and general deterrence. *See* 18 U.S.C. §3553(e). Surely, it is not the intent of applicable sentencing law or sentencing guidelines policy that a convicted felon like Westine may avoid imprisonment for his offense because he has a medical condition from which he will someday die (although it is not known when), while in the meantime he is independently attending to his self-care and activities of daily living, such as eating, dressing, grooming, bathing, moving about the institution, making telephone calls, using a computer, shopping, cleaning his room, doing his laundry, taking his medication, receiving medical care, and handling his finances. *See* Exhibit 2 at pp. 3-4; Exhibit 3; and Exhibit 4. Clearly, Westine's medical condition, which is termed "terminal" because he will likely die from the condition, although when he will die is not predictable, does not "substantially diminish" his ability to provide self-care within the correctional environment. To grant Westine a "compassionate release" under these circumstances would be the ultimate insult to, and

show no compassion for, the victims of his crimes.

For the above reasons, Westine does not qualify for, nor should he receive, a Compassionate Release, that is, a reduction in sentence, pursuant to the statutory requirements of 18 U.S.C. § 3582(c)(1)(A)(i) and (ii) and applicable policy statements set out by the Sentencing Commission. Westine's motion should be denied without prejudice.

        Respectfully submitted,

        ROBERT M. DUNCAN, JR.
        UNITED STATES ATTORNEY

BY:   /s/Kevin C. Dicken
        Kevin C. Dicken
        Assistant United States Attorney
        260 West Vine Street
        Lexington, KY 40507

Certificate of Service

On January 10, 2020, I electronically filed this document through the ECF system, and I sent this document by mail to:

John G. Westine #93555-012
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

/s/Kevin C. Dicken
Kevin C. Dicken
Assistant United States Attorney