UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Crim. No.: 3:14-cr-00010-GFVT-HAI-1 |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN G. WESTINE, JR., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court upon Defendant John G. Westine's *pro se* Motion for Compassionate Release pursuant to the First Step Act of 2018. [R. 607.] Mr. Westine was convicted by a jury of charges related to mail fraud and conspiracy to commit money laundering. [R. 522.] He was sentenced to total of 480 months imprisonment. *Id.* Now, Mr. Westine seeks compassionate release based on his terminal medical condition.

The First Step Act of 2018 modified the compassionate release provision of 18 U.S.C. § 3582, now allowing a defendant to move for such a reduction, where previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1). However, to bring such a motion, a defendant must demonstrate that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Because Mr. Westine alleged that the Bureau of Prisons (BOP) never responded to a request for compassionate release sent several months ago[1] the

---

[1] The United States says that BOP in fact responded to Mr. Westine's May 2019 request for compassionate release and denied that request because "Westine had detainers filed against him by the United States District Court for the

Court ordered the government to respond. [R. 615.] The government has done so [R. 618], and the motion is now ripe for review.

As previously stated, Mr. Westine seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c). [R. 607.] Section 3582(c) allows for modification of a term of imprisonment if, "after considering the factors set forth in 18 U.S.C. § 3553(a) the court determines that extraordinary and compelling reasons warrant the reduction" or where "the defendant is at least 70 years of age, has served at least 30 years in prison . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community[.]" 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Any such reduction in sentence must also be "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* Although he is at least 70 years old, he has not served 30 years in prison. Therefore, the Court may only reduce Mr. Westine's sentence if "extraordinary or compelling circumstances" warrant the reduction, and the reduction is consistent with the Sentencing Commission's policy statements regarding compassionate release.

In Application Note 1 to § 1B1.13 of the Sentencing Guidelines, the Sentencing Commission sets forth what policy considerations factor into reducing a defendant's sentence. It provides that "extraordinary and compelling reasons exist" where "the defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)."[2] U.S.

---

Central District of California and the United States District Court for the Southern District of Ohio." [R. 618.] Thus, it is not clear whether Mr. Westine has actually exhausted the appropriate administrative channels before filing this motion in district court. Regardless, Mr. Westine's motion fails on the merits for the reasons explained herein.

[2] Section 1B1.13 also includes a catch all that allows a Court to consider "other reasons" in finding extraordinary and compelling reasons to reduce a defendant's sentence. The BOP considers five criteria in deciding whether "other reasons" not explicitly included in § 1B1.13 warrant a reduction in sentence. The government argues that Mr. Westine fails to satisfy the BOP criteria for "other reasons." The Court sees no reason to address these points as Mr. Westine has provided evidence of a terminal illness, which is specifically included in Application Note 1 to § 1B1.13.

Sentencing Guidelines Manual § 1B1.13, cmt. n.1.  Mr. Westine has provided documentation that has been diagnosed with a terminal illness.  [R. 610 at 2.]  However, this does not end the inquiry.  The Court must also consider the § 3553(a) factors before reducing any term of imprisonment under § 3582.

Pursuant to § 3553(a), before imposing any sentence, the sentencing Court is to consider—"to the extent they are applicable"—the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines range
…
(5) any pertinent policy statement–
…
(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Mr. Westine believes he should be released because he has been diagnosed with a terminal illness, and "no other treatment is available in the BOP." [R. 607.]  The government argues that Mr. Westine should not be released because while he does suffer from Aplastic Anemia, which will likely eventually cause his death, it is not known when that could occur.  [R. 618 at 3.]  Counsel for the government points out that Mr. Westine has already lived several months beyond his initial prognosis.  *Id.*  The government also argues that § 3553(a) factors,

specifically that Mr. Westine "is a life-long criminal who had defrauded hundreds of people of millions of dollars." *Id.* at 6. Thus, "[t]o release Westine after serving only 65 months of his 480 months sentence . . . would be contrary to the purposes of sentencing, including just punish[ment], respect for the law, and specific and general deterrence." *Id.*

      While the Court is sympathetic to Mr. Westine's difficulties with his declining health, a terminal diagnosis does not automatically warrant a reduction in sentence. Although extraordinary and compelling reasons warranting a sentence reduction need not be unforeseen at the time of sentencing, Mr. Westine was in his late sixties when he was sentenced; the Court anticipated that Mr. Westine's health might decline while in BOP custody when it imposed a 480-month sentence. Further, Mr. Westine asks for relief from a very long sentence based on a very serious crime. He conspired to defraud several people out of millions of dollars, and did so while on supervised release for other similar, but unrelated, federal crimes. [R. 526.] At the time of filing his motion, Mr. Westine had served just 65 months of a 480-month sentence; scarcely even 13%. To release Mr. Westine now based on health conditions would undermine the seriousness of the crime and respect for the law. Likewise, given Mr. Westine's history, the Court cannot find releasing Mr. Westine after serving just a fraction of his sentence would adequately deter future criminal conduct. Finally, although Mr. Westine alleges there is no treatment in the BOP, the medical records supplied by both parties indicate that Mr. Westine is receiving ongoing treatment, and indeed has already surpassed the initial expectation of life expectancy. [R. 610; R. 619.]

      Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

      1)      Defendant John G. Westine's Motion for Compassionate Release **[R. 607]** is

**DENIED**;

       2)       Mr. Westine's Motion for Status Hearing on Pending 18 U.S.C. § 3582 **[R. 608]** is **DENIED AS MOOT**; and

       3)       The United States' Motion to Seal **[R. 619]** is **GRANTED**; the Clerk of Court is **DIRECTED** to file the Motion **[R. 619] UNDER SEAL**.

This the 4th day of February, 2020.

Gregory F. Van Tatenhove
United States District Judge