UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 3:14-cr-00010-GFVT-HAI |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JOHN G. WESTINE, JR., ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

This matter is before the Court upon Defendant John G. Westine's *pro se* Motion for Compassionate Release pursuant to the First Step Act of 2018. [R. 730.] For the reasons that follow, Mr. Westine's Motion is **DENIED**.

**I**

Mr. Westine was convicted by a jury of charges related to mail fraud and conspiracy to commit money laundering. [R. 522.] He was sentenced to a total of 480 months imprisonment. *Id.* This Court has previously denied Mr. Westine's Motions for Compassionate Release on multiple occasions. [R. 620; R. 666; R. 700.] He now moves for compassionate release, asserting that his health and medical condition has deteriorated.

**II**

The First Step Act of 2018 modified the compassionate release provision of 18 U.S.C. § 3582, now allowing a defendant to move for such a reduction, where previously only the Bureau of Prisons could do so. Pub. L. No. 115-391, § 603(b)(1). As previously stated, Mr. Westine seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c). [R. 730.] In its prior

decisions, this Court analyzed whether "extraordinary or compelling circumstances" warranted the reduction and whether the reduction was consistent with the Sentencing Commission's policy statements regarding compassionate release. [R. 620.] The Court considered Mr. Westine's documentation that he has been diagnosed with a terminal illness, Aplastic Anemia, as well as the § 3553(a) factors which allow for the reduction of any term of imprisonment under § 3582. *Id.* After balancing the factors and considering Mr. Westine's terminal illness, the Court found that compassionate release would be inappropriate in this case.

18 U.S.C. § 3582(c) allows for modification of a term of imprisonment if, "after considering the factors set forth in 18 U.S.C. § 3553(a) the court determines that extraordinary and compelling reasons warrant the reduction" or where "the defendant is at least 70 years of age, has served at least 30 years in prison pursuant to a sentence imposed under Section 3559(c), for the offense or offenses for which the defendant is currently imprisoned and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community[.]" 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). Any such reduction in sentence must also be "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* Although he is at least 70 years old, he has not served 30 years in prison for this offense. Therefore, the Court may only reduce Mr. Westine's sentence if "extraordinary or compelling circumstances" warrant the reduction, and the reduction is consistent with the Sentencing Commission's policy statements regarding compassionate release.

### A

First, the Court addresses the exhaustion requirement. Per 18 U.S.C. § 3582(c)(1)(A), an inmate may only bring a motion for compassionate release after they "fully exhaust[] all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. While Mr. Westine indicated in his initial motion that he had exhausted his administrative remedies, the purported attachment was nowhere to be found. [R. 730.] However, in a later filing Mr. Westine has provided a copy of a letter from the Warden of his facility denying Mr. Westine compassionate release. [R. 741-1.] This letter makes clear that the BOP's Office of General Counsel has denied Mr. Westine's request, "which is a final denial/decision." *Id*. This letter was dated March 14, 2023 and Mr. Westine did not file his motion for compassionate release until July 17, 2023 – more than thirty days after the warden had denied, let alone received, his request. [R. 741-1; R. 730.] Accordingly, the Court finds that Mr. Westine's motion for compassionate release is proper.

**B**

Next, the court addresses whether there are extraordinary and compelling circumstances present. In his most recent Motion for Compassionate Release, Mr. Westine relies on many of the same health difficulties as he did in his prior motions, primarily aplastic anemia. [R. 730; R. 620; R. 700.] Mr. Westine has now also been diagnosed with systemic mastocytosis, a type of cancer, and was admitted to Duke Hospital with a subdural hematoma. [R. 730-4.] As a result, his medical prognosis is listed as "poor." [R. 730-3.] However, it is not clear that he is imminently terminal. Indeed, in his initial motion for compassionate release, Mr. Westine represented that he had a life expectancy of "three months or less." [R. 607.] Since that motion in November 2019, Mr. Westine has lived for almost five years. Based on the records Mr. Westine has submitted, it seems he has received, and continues to receive, significant medical

3

care while incarcerated. [R. 730-3; R. 730-4; R. 739-1.] This care included a trip to Duke University Hospital when Mr. Westine confronted medical difficulties that BOP was unable to resolve internally. [R. 730-4.] Following that visit, Mr. Westine was given a clear plan of treatment and prescribed appropriate medication. *Id.*

While the Court is sympathetic to Mr. Westine's difficulties with his declining health and is sympathetic to the possibility that Mr. Westine might contract coronavirus in his facility, the Court still finds that Mr. Westine is not warranted a reduction in sentence. This is even more true now that Mr. Westine has been vaccinated against coronavirus. [R. 738-1.] And as this Court has previously emphasized, Mr. Westine was in his late sixties when he was sentenced; the Court anticipated that Mr. Westine's health might decline while in BOP custody when it imposed a 480-month sentence. [R. 620.] Further, Mr. Westine asks for relief from a very long sentence based on a very serious crime. He conspired to defraud several people out of millions of dollars, and did so while on supervised release for other similar, but unrelated, federal crimes. [R. 526.]

At the time of this reconsideration, Mr. Westine has served approximately 122 months of a 480-month sentence, a mere 25% of the overall total. To release Mr. Westine now based on health conditions would undermine the seriousness of the crime and respect for the law. Likewise, given Mr. Westine's history, the Court cannot find releasing Mr. Westine after serving just a quarter of his sentence would adequately deter future criminal conduct or protect the public. Moreover, although Mr. Westine alleges there is no treatment in the BOP for his illness, the medical records he has provided indicate that Mr. Westine is receiving ongoing treatment, including outside care if necessary. [R. 730-3; R. 730-4; R. 736-1.] Finally, while the Court agrees that Mr. Westine is at risk of contracting coronavirus, Mr. Westine is housed at a Federal

4

Medical Center where medical treatment is easily accessible and he has received the coronavirus vaccine. Thus, the Court is not persuaded there are any changes with Mr. Westine's risk of contracting coronavirus that would justify reconsidering its previous denial of Mr. Westine's Motion for Compassionate Release with regards to the COVID-19 pandemic.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant John G. Westine's Motion for Compassionate Release **[R. 730]** is **DENIED**;

2. Mr. Westine's Motion to Vacate **[R. 737]** is **DENIED**; and

3. Mr. Westine's Motion for a Status Hearing **[R. 747]** is **DENIED**.

This the 3rd day of October, 2024.

Gregory F. Van Tatenhove
United States District Judge